UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on
**4/7/2006**
by Clerk U.S. Bankruptcy
Court District of New Jersey

In Re:

Sara H. Dominguez,

Case No.: 05-32129 NLW

Adv. No.:

Hearing Date:

Judge: Novalyn L. Winfield

## MEMORANDUM DECISION

The relief set forth on the following pages, numbered two (1) through ___6_____ is hereby **ORDERED**.

**DATED: 4/7/2006**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | |
| | Case No.: 05-32129 (NLW) |
| Sara H. Dominguez, | |
| | Chapter 13 |
| Debtor(s) | **Memorandum Decision** |

**BEFORE:    HON. NOVALYN L. WINFIELD**

**A P P E A R A N C E S :**

Andrea Silverman, Esq.
Law Office of Scott E. Tanne, LLC
110 Summit Avenue
Chatham, NJ 07928
Attorneys for Debtor

Mario A. Serra, Jr., Esq.
Fein, Such, Kahn & Shepard
7 Century Drive
Parsippany, NJ 07054
Attorneys for Creditor Litton Loan Servicing

*Approved by Judge Novalyn L. Winfield April 07, 2006*

This matter is before the Court on the objection by Sara Dominguez ("Debtor") to the secured proof of claim asserted by Litton Loan Servicing ("Litton" or "Secured Creditor").[1] The objection addressed various components of the claim, all of which have been resolved except for the line item for sheriff's commissions in the amount of $8,777.82.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The Debtor filed her Chapter 13 petition on July 7, 2005, just prior to the scheduled foreclosure sale of her residence. Litton, the foreclosing mortgagee, has included as part of its proof of claim, a request for payment of a sum amounting to one-half of the sheriff's commission. Litton relies on N.J.S.A. 22A:4-8. This statute provides in pertinent part, that "[w]hen the execution is settled without sale and such settlement is made manifest to the officer, the officer shall receive ½ of the amount of percentage allowed herein in case of sale."

Litton points out that the Court in In re Loehwing, 320 B.R. 281, 286 (Bankr. D.N.J. 2005) found that the term "settled" in N.J.S.A. 22A:-4-8 "includes a variety of circumstances whereby the sheriff's sale is obviated." Litton also notes that the Sheriff in the instant matter had rendered services in furtherance of the foreclosure sale. Foreclosure judgement was entered on April 21, 2005 and the writ was delivered

---

[1] The proof of claim was originally filed by Washington Mutual Bank, F.A. as servicer for Deutsche Bank National Trust as Trustee for Long Beach Mortgage Trust 2004-1. By Notice of Transfer of Claim dated February 21, 2006, the claim was transferred to Litton.

to the Sheriff on May 20, 2005. The Sheriff first scheduled the sale for July 19, 2005 and subsequently adjourned the sale to August 30, 2005. Moreover, the Sheriff was paid $1,500.00 by the Secured Creditor to schedule the sale and incurred $306.00 for publication costs. In short, Litton suggests that the Sheriff's services should not go uncompensated, and that the treatment of Litton's claim under the Debtor's Chapter 13 Plan constitute a settlement entitling the Sheriff to a ½ commission.

The Debtor argues that Litton reads both the statute and the Loehwing decision too broadly. The Court agrees.

Unfortunately, New Jersey case authority construing N.J.S.A. 22:4-8 is sparse. However, it appears to the Court that the few reported cases endeavor to strike a balance between ensuring that a Sheriff receive compensation, and ensuring that no windfall results in favor of the Sheriff. For example, in Sturges v. Lackawanna and Western RR Co., 27 N.J.L. 424, 1859 WL 5707, *1 (N.J. Sup. 1859) executions were given to the sheriffs of Union, Hunterdon and Warren counties, and levies were made on defendant's properties in those counties. Subsequently, the plaintiff decided not to proceed with the executions. Id. at *1. The Sheriffs claimed the ½ commissions and the plaintiff objected on the basis that (i) his withdrawal of the executions was not a settlement contemplated by the statute, and (ii) if the Sheriffs are entitled to a commission, each Sheriff should not be entitled to a commission on the whole debt. Id. at *2. The Court held that the Sheriffs were entitled to commissions because:

> This allowance is made for the trouble, care and risk of the officer in discovering and levying upon the property of the defendant, and its safe keeping for the purpose of a sale and the securing the payment of the amount due. Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation. The service and risk are put upon the sheriff by the plaintiff, for his own benefit, and the statute has provided for his compensation. It is of no

3

> consequence to the sheriff how the matter is arranged between the plaintiff and the defendant. If anything is done between them, by which a sale is rendered unnecessary, that must be considered a settlement within the meaning of the act. The execution is then settled without a sale; its operation is suspended by the act of the parties; the sheriff can proceed upon it no further, unless it may be to make his own costs; and he becomes entitled to the allowance provided by the statute.

Id. at *2.

As to the amount of commissions, the Court agreed with plaintiff that the sheriffs should be limited to commissions based on the value of the property levied on. Id.

Similarly, in Sinnickson v. Gale, 16 N.J.L. 21, 1837 WL 2178 (N.J. Sup. 1837) the Court found the Sheriff is only entitled to a commission on the amount due the plaintiff. Commissions have also been awarded to a sheriff where the defendant paid the execution on learning that his property had been advertised for sale. Daly v. Ely, 53 N.J. Eq. 270, 274 (Chan. 1895), 31 A. 396, 397.

The decision in Jacoby v. Eseo, 746 A. 2d 1069, 329 N.J. Super 119 (App. Div. 2000) is instructive. In Jacoby the issue was the Sheriff's entitlement to fees after a foreclosure sale in which the high bidder has defaulted and forfeited the deposit. 746 A.2d at 1070. The Sheriff claimed a commission on the original bid price. Id. The Appellate Division found that the fee recovered by the Sheriff must be related to the sum recovered by the creditor as a result of the sale. Id. at 1072. In so ruling, the Court was guided by the principle "that the Sheriff may not benefit or garner a windfall at the expense of the creditor, where the facts do not support such a result." Id. at 1071.

Thus, New Jersey case authority protects the Sheriff where plaintiff's actions or payment by the defendant prevents the sale that would otherwise have occurred. Further, the Courts have only applied the statute to permit a commission that bears a reasonable relationship to the plaintiff's recovery.

4

*Approved by Judge Novalyn L. Winfield April 07, 2006*

This Court also finds that the <u>Loehwing</u> decision is grounded in this New Jersey decisional authority and must be limited to its facts. In <u>Loehwing</u>, a foreclosure sale was scheduled but not held because of the debtor's bankruptcy. 320 B.R. at 283. Thereafter the Chapter 7 Trustee marketed and sold the debtor's property. <u>Id</u>. Prior to the closing on the sale, the Trustee received a payoff statement from the secured creditor which included a sum for Sheriff's commissions. <u>Id</u>. Judge Lyons found that the Sheriff was entitled to the ½ commission because satisfaction of the foreclosure judgment from the Trustee's sale of the debtor's property constituted a "settlement" within the meaning of N.J.S.A. 22A:4-8. <u>Id</u>.

In the matter before this Court, the Debtor has filed a Chapter 13 case in which she has proposed a reinstatement and cure plan. There is no sale of property proposed by the Debtor. The Debtor simply proposes to reinstate the terms of the mortgage and cure the past due amounts. To construe this Chapter 13 case as a "settlement" for the purposes of N.J.S.A 22A:4-8 is not reasonably within the intent of the statute and would produce a windfall to the Sheriff. Unlike the case authority just discussed, there has been no conduct by either the Debtor or Litton which has effected a satisfaction of the debt that is the equivalent of a foreclosure sale that would entitle the Sheriff to a commission. In fact, by operation of the bankruptcy statute, Litton is precluded from continuing its efforts to satisfy its judgment. The automatic stay prevents Litton from going forward with the sale, and the Bankruptcy Code provides the Debtor with a federal forum for satisfying her obligations. At most, the Sheriff has a claim for actual out of pocket expenses. As Debtor's counsel points out it is inequitable to conclude that a one-half commission accrues to the Sheriff every time a Debtor files a Chapter 13 case and invokes the automatic stay to prevent the foreclosure sale from going forward.

*Approved by Judge Novalyn L. Winfield April 07, 2006*

Moreover, the Court does not even have before it any indication that the Sheriff has actually claimed a commission. Indeed, as Debtor's counsel points out, Litton has not provided any written breakdown of the deposit placed with the Sheriff or the expenses incurred by the Sheriff in connection with the sale. Accordingly, the request for Sheriff's commissions in Litton's proof of claim is denied.

Counsel for the Debtor shall submit the appropriate order.

*Approved by Judge Novalyn L. Winfield April 07, 2006*